Filed 2/17/22  Hogan v. DeAngelis Construction CA1/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

RONALD HOGAN, et al.,

  Plaintiffs and Appellants,

v.

DEANGELIS CONSTRUCTION, INC., et al.,

  Defendants and Respondents.

A157615

(Sonoma County
Super. Ct. No. SCV230846)
ORDER MODIFYING OPINION
AND DENYING REHEARING

BY THE COURT:

It is ordered that the opinion filed herein on January 28, 2022, be modified as follows:

In the second line on page 5, the following should be added after the sentence ending with "bond costs were improper in this case":  "The Hogans note that, when the developers accepted rescission of the contract to purchase the Gardenview property, the developers agreed to pay 'all costs and fees incurred as a result of the purchase.'  The Hogan emphasize the word 'all,' apparently arguing that 'all costs and fees incurred as a result of the purchase' should include the costs on appeal awarded to the developers in *Hogan V*.  But the award of costs on appeal in this case was not incurred 'as a result of' the Hogans' purchase of the Gardenview property in 2000.  Rather,

1

the developers are entitled to their costs on appeal because their appeal was successful."

The petition for rehearing is denied.  This modification does not change the judgment.


Dated: _____          _____
                                    Stewart, Acting P.J.

2

Filed 1/28/22  Hogan v. DeAngelis Construction CA1/2 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RONALD HOGAN, et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>DEANGELIS CONSTRUCTION, INC., et al.,<br><br>        Defendants and Respondents. | A157615<br><br>(Sonoma County<br>Super. Ct. No. SCV230846) |

Plaintiffs Ronald and Victoria Hogan (the Hogans) appeal from an order denying their motion to tax costs on appeal claimed by defendants DeAngelis Construction, Inc., Marvin DeAngelis, Gary Pope, and DeAngelis-Pope Homes (the developers or developer defendants).  The Hogans challenge the award of costs for appeal bond premiums the developers paid in connection with pursuing their successful appeals.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

We do not repeat the history of this case, which the parties are familiar with and which is set out in our prior decisions.[1]  In brief, the parties' litigation over the rescission of a contract to purchase a home (the

---

[1] See, e.g., *Hogan, et al. v. DeAngelis Construction, Inc., et al.* (A138118, Jan. 13, 2016) [nonpub. opn.]; *Hogan, et al. v. DeAngelis Construction, Inc., et al.* (A146057, A146582, A147273, May 17, 2018) [nonpub. opn.] (*Hogan V*).

1

Gardenview property) resulted in a modified amended judgment filed by the trial court in April 2010, and conflict over executing this judgment has led to years of litigation. (See *Hogan V, supra.*)

As relevant to this appeal, the developers appealed from three trial court orders issued in 2015: (1) a June 23 order denying its motion for full satisfaction of judgment and release of bond, (2) an August 25 order stating, among other things, the developers had the "obligation to pay the mortgage" on the Gardenview property since May 2004, and (3) a November 16 order affirming the trial court's view that the developers were obligated to pay the mortgage. (*Hogan V, supra.*)

The developers' consolidated appeals were successful. In *Hogan V, supra*, we vacated the three orders and directed the trial court to "enter a new order deeming the judgment fully satisfied as to the developers and releasing the developer defendants' appellate bond." (*Ibid.*) The opinion concluded, "The developer defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)" (*Ibid.*)

In accordance with *Hogan V* (decided in May 2018), the developers filed a memorandum of costs on appeal with the trial court for $34,719.51. It included $16,394.50 for "[p]remium[s] on any surety bond on appeal" and $12,426.50 for "[o]ther expenses reasonably necessary to secure surety bond." On their costs worksheet, the developers listed costs associated with the bond incurred from August 24, 2015 to August 24, 2018.

The Hogans filed a motion to strike and/or tax and offset the developers' costs, challenging almost all the costs claimed. They argued the bond premium costs were unnecessary and unreasonable. The developers opposed, arguing the bond expenses were necessary "given the Hogans['] attempts to collect against the bond and refusal to release the bond which

2

was one of the orders before the Court of Appeal" [in *Hogan V*].[2]  However, the developers conceded that their request should be reduced by $2,793, an amount that had been rebated to them after the bond was released.

The trial court issued a tentative ruling ordering the Hogans to pay the developer defendants $31,926.51 after granting the motion to tax costs as to the $2,793 in premium costs refunded to the developers and denying the Hogans' motion as to all other costs.  The tentative ruling stated the verified memorandum of costs was prima facie evidence of the propriety of the costs, and the Hogans "failed to submit sufficient facts to demonstrate the costs were not reasonable or necessary."  No party contested the tentative ruling, and the court adopted its tentative ruling in an order filed April 9, 2019.

## DISCUSSION

Under California Rules of Court, rule 8.278(d)(1)(F), a prevailing party in a civil appeal may recover, if reasonable, "[t]he cost to procure a surety bond, including the premium, the cost to obtain a letter of credit as collateral, and the fees and net interest expenses incurred to borrow funds to provide security for the bond or to obtain a letter of credit, unless the trial court determines the bond was unnecessary."[3]

---

[2] We note that, sometime between August and November 2015, the Hogans filed a motion to enforce liability on the developers' existing appeal bond, and in the trial court's November 16 order, the court declined to rule on the motion.  (*Hogan V*, *supra*.)

[3] Under Code of Civil Procedure section 917.1, an "undertaking" (or surety bond) is required to stay enforcement of any trial court "judgment or order" for "[m]oney or the payment of money" pending appeal.  (Code Civ. Proc., § 917.1, subd. (a)(1).)  "The purpose of the undertaking requirement is 'to protect the judgment won in the trial court from becoming uncollectible while the judgment is subjected to appellate review.' "  (*Leung v. Verdugo Hills Hospital* (2008) 168 Cal.App.4th 205, 211–212.)

3

Where " 'the items appear to be proper charges, the verified memorandum [of costs] is prima facie evidence that the costs, expenses and services therein listed were necessarily incurred by the defendant [citations], and the burden of showing that an item is not properly chargeable or is unreasonable is upon the [objecting party].' " (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131.) Generally, we review a trial court's award of costs for abuse of discretion. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.)

On appeal, the Hogans state the issue presented is "Are the costs of a bond recoverable by defendants when their appeal is denied and the judgment is affirmed?" As we have described, however, the developers' appeals decided by *Hogan V* were successful, and the orders they appealed were vacated, not affirmed. To the extent the Hogans claim the developers were not the prevailing party in *Hogan V*, they are mistaken.

Although the Hogans acknowledge that "[b]ond costs are recoverable when a judgment is overturned," they argue that did not happen in this case as "[t]he original 2007 judgment was not overturned." Their focus on the judgment is misplaced. An appeal bond is required to stay enforcement of any "judgment or order" for the payment of money. (Code Civ. Proc., § 917.1, subd. (a)(1).) The appeal bond requirement is not limited to final "judgments." Here, the developers appealed from orders that denied their request for satisfaction of judgment and effectively ordered them to pay the mortgage. Thus, an appeal bond was necessary if the developers wanted to stay enforcement of the orders making them liable for the mortgage.

The Hogans also seem to suggest the developers are improperly seeking costs for an appellate bond they initially undertook in 2007. The developers, however, only sought costs associated with maintaining the appellate bond from August 2015 to release of the bond in 2018. The Hogans' remaining

4

arguments are difficult to understand and do not convince us the bond costs were improper in this case.

In sum, bond costs are recoverable costs (Cal. Rules of Court, rule 8.278(d)(1)(F)), and the trial court found the Hogans failed to meet their burden of showing the bond costs claimed by the developer defendants were unreasonable or unnecessary. We cannot say this finding was an abuse of discretion. Accordingly, the April 9, 2019, order denying in part the Hogan's motion to tax costs is affirmed.

Finally, the Hogans filed a request for judicial notice asking this court to take notice of two federal code sections, 42 United States Code section 407 and 29 United States Code section 1056. They do not explain how these statutes may be relevant to the appeal and they do not cite these statutes in their opening brief. We deny the request because the statutes are not relevant to determination of the issues on appeal. (See *State Compensation Insurance Fund v. ReadyLink Healthcare, Inc.* (2020) 50 Cal.App.5th 422, 442 [denying unopposed request for judicial notice "on the ground that the materials are not relevant to our determination of issues on appeal"].)

## DISPOSITION

The trial court's order of April 9, 2019, granting in part and denying the Hogans' motion to strike and/or tax and offset costs is affirmed. The Hogans' request for judicial notice is denied.

 

 

 

 

_____
Miller, J.


WE CONCUR:


_____
Stewart, Acting P.J.


_____
Kline, J.[*]


A157615, *Hogan v. DeAngelis Construction, Inc., et al.*

---

[*] Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.